UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE MARSH ERISA LITIGATION | Master File No. 04-CV-8157 (CM) |
|---|---|
| This Document Relates To: All Actions | USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED 11/13/09 |

## *(PROPOSED)* ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN AND SETTING FAIRNESS HEARING DATE

The above-captioned action (the "ERISA Action") involves consolidated actions asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), with respect to the Marsh & McLennan Companies, Inc. Stock Investment Plan (the "Plan").

Presented to the Court for preliminary approval is a Settlement[1] of the ERISA Action as against all Defendants. The terms of the Settlement are set out in the Stipulation and Agreement of Settlement – ERISA Action dated November 9, 2009 (the "Settlement Agreement"), executed by Lead Counsel and Defendants' Counsel.

The Court has considered the proposed Settlement to determine, among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to members of the Class. Upon reviewing the

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

1

Settlement Agreement and the Named Plaintiffs' Motion for Order Preliminarily Approving Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan, and Setting Fairness Hearing Date, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable laws have been met as to the "Class" defined below, in that:

   a. The Class is cohesive and well defined;

   b. The members of the Class are ascertainable from records kept with respect to the Plan, and the members of the Class are so numerous that their joinder before the Court would be impracticable;

   c. Based on allegations in the Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Class;

   d. Based on allegations in the Complaint that the Defendants alleged conduct affected members of the Class in a uniform manner, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Class;

   e. The Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Class; and (iii) Named

2

Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

    f.  The prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action; or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

    2.  Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2):

> (a) all current and former participants and beneficiaries of the Plan whose individual Plan account(s) included investments in MMC stock at any time during the period July 1, 2000, through January 31, 2005, inclusive (the "Class Period") and (b) as to each Person within the scope of subsection (a) of this, his, her or its beneficiaries, alternate payees (including spouses of deceased Persons who were participants of the Plan), Representatives and Successors-In-Interest, provided, however, that the Class shall not include any Defendant or any of their Immediate Family, beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), Representatives or Successors-In-Interest, except for spouses and immediate family members who themselves are or were participants in the Plan, who shall be considered members of the Class with respect to their own Plan accounts.

3. The Court appoints Named Plaintiffs Donald Hundley, Conrad Simon, and Leticia Hernandez as class representatives for the Class, and Keller Rohrback L.L.P. as Lead Counsel for the Class.

4. The Court preliminarily finds that the proposed Settlement should be approved as: (a) fair, reasonable and adequate; (b) the product of serious, informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to Class representatives or segments of the Class; (e) falling within the range of possible approval; and (f) warranting notice to Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

5. A hearing is scheduled for January 29, 2010 at 10AM (the "Fairness Hearing") to determine, among other things:

    a. whether the Settlement should be approved as fair, reasonable and adequate;

    b. whether the litigation should be dismissed with prejudice;

    c. whether the Notice and the Publication Notice and the means of disseminating same pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

    d. whether the application for attorneys' fees and expenses filed by Lead Counsel should be approved; and

  e.  whether the application for case contribution awards for the Named Plaintiffs should be approved.

  6.  The settling parties have presented to the Court a proposed form of Notice, which is appended hereto as Exhibit 1. With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Class that Lead Counsel will seek from the Gross Settlement Fund awards of attorneys fees and expenses, reimbursement of expenses, and case contribution awards for the Named Plaintiffs; (c) notifies the Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Notice may object to approval of the Settlement. The settling parties have proposed the following manner of disseminating the Notice to members of the Class, and the Court finds that such proposed manner of dissemination is the best notice practicable under the circumstances and directs that Lead Counsel shall:

  a.  By no later than _December 8_, 2009, cause the Notice, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the settling parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each of the following persons who can be identified by reasonable effort: (i) each person within the Class; (ii) in cases of pending litigation, arbitration or other proceeding, if any, of any other claim against any of the Released Parties relating to any of the Settled Claims, all counsel known by Lead Counsel to represent a member of the Class; (iii) all other counsel known by Lead Counsel to represent a member of the Class; and (iv) the United States Department of Labor.

  b. By no later than _December 8_, 20_09_, cause the Notice to be published on the website identified in the Notice.

  c. By no later than _December 8_, 200_9_, cause the Publication Notice in the form attached hereto as Exhibit 2, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the settling parties, to be published on at least one occasion in The New York Times and by electronic publication on the Business Wire.

  d. By no later than _December 29_ 200_9_, file with the Court and post on the website identified in the Notice the motion for final approval of the Settlement and class certification, the motion for approval of the Plan of Allocation and the motion for awards of attorneys' fees and cost reimbursements and Named Plaintiff case contribution awards described in the Notice.

At or before the Fairness Hearing, Lead Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

  7. Defendant Marsh & McLennan Companies, Inc. shall reasonably cooperate with Lead Counsel and the claims administrator in obtaining the information necessary to accomplish Notice provided for in paragraph 6, as provided in the Settlement Agreement.

  8. The Gross Settlement Fund shall constitute a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.

  9. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of

expenses or Named Plaintiff case contribution awards, only if such comments or objections and any supporting papers are served on or before January 15 2010, upon each of the following:

**LEAD COUNSEL:**

> Lynn Lincoln Sarko
> Cari Campen-Laufenberg
> KELLER ROHRBACK L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Fax: (206) 623-3384

**DEFENDANTS' COUNSEL:**

> Robert Eccles
> Gary Tell
> Elysia Solomon
> O'MELVENY & MYERS, LLP
> 1625 Eye Street NW
> Washington, D.C. 20006
> Fax: (202) 383-5414

and the objector has filed the objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees or Named Plaintiff case contribution awards are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees or Named Plaintiff case contribution awards and desire to present evidence at the

Fairness Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.

10. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

11. Reasonable expenses up to $250,000 incurred in implementing the provisions of paragraph 6 above pertaining to providing notice of the Settlement, as well as Taxes as provided for in the Settlement Agreement, shall be paid solely from the Gross Settlement Fund (including reimbursement to the Lead Counsel from the Gross Settlement Fund upon notice to Defendants' counsel) pursuant to direction by Lead Counsel, without further order of this Court. No amount above $250,000 shall be paid from the Gross Settlement Fund for these purposes without further order of this Court.

12. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

13. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of November 9, 2009 (pursuant to the provisions of paragraph 8.4 of the Settlement Agreement), if the Settlement is terminated under the terms of the

Settlement Agreement. In such event, paragraph 8.4 of the Settlement Agreement shall govern the rights of the settling parties.

14. Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Class that their claims lack merit or that the relief requested in the ERISA Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

SO ORDERED this 10th day of November, 2009

_____
The Honorable Colleen McMahon
United States District Judge